UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN JEROME MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-1381-SEP |
| ) | |
| CORIZON, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], and Motion to Appoint Counsel, Doc. [3]. For the reasons set forth below, the Motion for Leave to Proceed *in forma pauperis* is granted and the Motion to Appoint Counsel is denied. Plaintiff will have thirty (30) days from the date of this Order to file an Amended Complaint.

#### DISCUSSION

**I.    Plaintiff's Motion to Proceed *in forma pauperis***

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward monthly payments to the Clerk of Court whenever the amount in the account exceeds $10.00 until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement; he has advised that his institution will not provide him with one. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court

should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

## II. Initial Review of Plaintiff's Complaint

The Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). That means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 against Defendant Corizon. He identifies himself as both a pretrial detainee and a convicted and sentenced federal prisoner.[1] Plaintiff alleges that, on September 2, 2019, he fell from his bunk, injuring his shoulder and back.  Doc. [1] at 4.  He also alleges that he experiences severe pain in his legs, back, and right shoulder.  *Id.*  He notes that he has "fill[ed] out medical request slips for over a year," but has "not seen a doctor," has been provided "medical care and medical treatment," and has not had his shoulder "replaced."  *Id.*  Plaintiff admits that he received X-rays and pain medication at an unspecified time.  *Id.* at 4-5.  He also notes that he has seen a "mental health doctor which also is poor help and denying of proper medical and mental health care."  *Id.* at 4.  Finally, Plaintiff alleges that he has attempted suicide "two or three times," but was denied psychiatric medication.  *Id.*

Plaintiff has previously filed other civil actions in this Court seeking redress for, among other things, inadequate medical care after falling from his bunk in September 2019.  In *Moore v. Turner*, No. 4:20-CV-1032-SRC (E.D. Mo. Aug. 6, 2020), Plaintiff alleged that he received inadequate medical care after that fall and was directed to file an amended complaint. After he failed to comply with that order, the action was dismissed.  In *Moore v. St. Louis City Jail Justice Center,* No. 4:21-CV-1280-HEA (E.D. Mo. Oct. 25, 2021), Plaintiff again complained he was denied care after the September 2019 fall.  On January 25, 2022, that action was also dismissed, as the Court determined the complaint failed to state a claim upon which relief may be granted.

This action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because the Complaint fails to state a claim upon which relief may be granted against Corizon.  *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (describing when a corporation acting under color of state law can be held liable under 42 U.S.C. § 1983).  Specifically, although Plaintiff claims that he was denied adequate medical care, his allegations do not state a plausible claim under the Fourteenth Amendment.  In consideration of Plaintiff's self-represented status, however, the Court will give him the opportunity to file an amended complaint to clearly set forth his claims.

---

[1] Review of publicly available records on Missouri Case.net shows that Plaintiff is currently facing multiple counts of robbery and armed criminal action in the matter *State v. Moore,* No. 1922-CR02796-01 (22nd Jud. Cir. 2019), and a count of third-degree assault in the matter *State v. Moore,* No. 2122-CR00576-01 (22nd Jud. Cir. 2021).  Review of publicly-available records in this United States District Court shows that on July 7, 2021, Plaintiff pleaded guilty to interference with commerce by threats or violence and brandishing a firearm, and he was sentenced to serve an aggregate prison term of 141 months. *See U.S. v. Moore,* No. 4:19-cr-895-SNLJ (E.D. Mo. Jul. 7, 2021).

Plaintiff is warned that an amended complaint will replace his original Complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a Court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the Amended Complaint, Plaintiff must clearly identify the defendant. If Plaintiff names an individual as a defendant, he must state whether he sues him in an individual capacity, official capacity, or both, and he must allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, Plaintiff is advised that he must avoid attempting to amend his Complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, he must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

### III.    Plaintiff's Motion to Appoint Counsel

Plaintiff has also filed a Motion to Appoint Counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that [the] plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the

4

existence of conflicting testimony, and the complexity of the legal arguments.  *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, the Court is not convinced that Plaintiff has stated a non-frivolous claim. Additionally, there is no indication that he is incapable of representing himself, and nothing in the instant Motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel.  Recognizing that circumstances may change, however, the Motion for Appointment of Counsel is denied without prejudice, and the Court will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. [3]) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FINALLY ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 18th day of February, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE